# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14-cv-316-FDW

| | |
|---|---|
| MICHAEL ANTHONY DILWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MR. DAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff was a prisoner of the State of North Carolina that was housed in the Marion Correctional Institution at the time he filed his complaint.[1] In the complaint, Plaintiff alleges that on October 19, 2013, while he was housed in Craven Correctional he injured two teeth after he bit down on a rock that was in his green beans. Plaintiff sought treatment and was provided Ibuprofen tablets for pain by Dentist Edwards and he was informed that he could pursue root canal surgery if the pain persisted for more than two months, but that the North Carolina Department of Public Safety did not approve tooth crowns. Following his transfer to Marion Correctional, Plaintiff contends that his pain continued and he was denied proper treatment for over a year until he was temporarily transferred to Central Prison in November 2014, for treatment. Plaintiff seeks compensatory and punitive damages for pain occasioned by the delay and he would like to secure a crown upon his release from prison.

## II. STANDARD OF REVIEW

---
[1] Plaintiff was transferred to Marion Correctional from Craven Correctional on October 23, 2013.

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.     DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and was so at the time that he filed his complaint. Accordingly, Plaintiff must abide by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v.

Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, state prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

Plaintiff did not submit any written documentation regarding exhaustion with his complaint, other than to contend that he did in fact exhaust his administrative remedies. In the complaint, Plaintiff presents a host of subjects that he asserts were presented in what appear to be

several grievances. These subjects include denial of disciplinary appeals, improper confinement with one or more psychotics, denial of due process and the free exercise of religion, retaliation, and denial of medical treatment. (1:14-cv-316, Doc. No. 1: Compl. at 2). After Plaintiff filed his complaint, an order was entered in Plaintiff's case which required him to either submit a sworn statement that demonstrated exhaustion of remedies or a copy of the grievance(s) within 20-days from entry of the order, and Plaintiff was specifically warned that failure to comply with the order would result in dismissal of his § 1983 complaint. (Id., Doc. No. 5: Order). This order was entered and mailed to Plaintiff on December 23, 2014, and Plaintiff's response was due by January 12, 2015, however to date he has provided no response nor sought an extension of time to do so. Based on the foregoing, the Court finds that Plaintiff has failed to comply with the order to produce evidence of exhaustion, and his complaint will be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: January 28, 2015

Frank D. Whitney
Chief United States District Judge

4