IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-00316-FDW

| | | |
|---|---|---|
| MICHAEL ANTHONY DILWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MR. DAIL, Administrator, Craven | ) | |
| Correctional Institution; | ) | |
| MR. JACOBS, Assistant Superintendent | ) | |
| of Programs at Craven C.I.; | ) | **ORDER** |
| MR. DOWNING, Kitchen Supervisor at | ) | |
| Craven C.I.; DR. KEITH EDWARDS, | ) | |
| Dentist, Craven Correctional Institution; | ) | |
| DR. NEWSON, Marion Correctional | ) | |
| Institution; MS. TUCKER, Dental Assistant, | ) | |
| Marion Correctional Institution; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's motion for

reconsideration of the Order dismissing his § 1983 complaint for failure to exhaust his

administrative remedies.

On December 11, 2014, Plaintiff, who is a prisoner of the State of North Carolina, filed a

*pro se* complaint which this Court dismissed without prejudice under the provisions of the

Prisoner Litigation Reform Act ("PLRA") after Plaintiff failed to file a timely response to an

order requiring him to demonstrate exhaustion of administrative remedies. The Court noted that it

was unclear whether Plaintiff had exhausted his administrative remedies because the allegations

in his complaint could not be compared with any written grievances because none were attached

to his complaint. Plaintiff was given up to and including January 12, 2015, in order to file a

verified statement that he had in fact exhausted his administrative remedies or to attach copies of

1

the grievances themselves. On January 28, 2015, after noting that no response had been filed, the Court entered the order dismissing Plaintiff's complaint without prejudice. Plaintiff then filed the present motion for reconsideration which will be denied for three reasons.

First, Plaintiff did not mail his response to the Court's order until February 2, 2015, which is nearly two weeks after his time to comply expired. (1:14-cv-00316, Doc. No. 10-2: Envelope). Plaintiffs have a general obligation to prosecute their cases and that includes complying with Court orders in a timely manner. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988); see also Fed. R. Civ. P. 41(b).

Second, Plaintiff names four defendants that are or were employed at the Craven Correctional Institution where Plaintiff was housed when he contends that his right to appropriate medical care was violated. Because the events pertaining to those defendants arose within the Eastern District of North Carolina, and any potential evidence would likely be present in that district, the Court will deny the motion for reconsideration because venue is improper in this District. Plaintiff is free to re-file his complaint within Eastern District of North Carolina if he so chooses.

Lastly, the Court will deny the motion for reconsideration of dismissal of the complaint against defendants employed at Marion Correctional where Plaintiff contends he was denied appropriate dental treatment for failure to state a claim for relief. In his complaint, Plaintiff contends that the course of dental treatment provided by Defendants Newsome and Tucker was inappropriate and caused him unnecessary pain. Plaintiff explains that he suffered a dental injury after biting into a rock that was concealed in green beans that he was served while at Craven Correctional Institution on October 19, 2013. After his transfer to Marion Correctional, Plaintiff was examined and treated by Defendants, Dentist Newsome and Dental Assistant Tucker.

Defendant Newsome informed Plaintiff that he did not qualify for a crown to repair his tooth and that in his opinion, a root canal was too aggressive a treatment. Plaintiff further contends that Newsome's anti-sensitivity treatment failed to properly address his pain and he blankly asserts that Defendant Tucker intentionally and deliberately delayed treatment.

The Eighth Amendment provides that prisoners are entitled to appropriate medical treatment. In <u>Farmer v. Brennan</u>, the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. 825, 832 (1994) (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984) (internal citations omitted). To establish an Eighth Amendment claim, a prisoner must demonstrate (1) that the deprivation was objectively, sufficiently serious—that is, the deprivation must be a "denial of the minimal civilized measure of life's necessities" and (2) that the defendant was deliberately indifferent to the prisoner's health or safety. <u>Farmer</u>, 511 U.S. at 834 (internal quotations marks and citations omitted). <u>See also</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). Furthermore, "[d]eliberate indifference requires that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious medical need for medical care." <u>Young v. City of Mt. Rainer</u>, 238 F.3d 567, 575 (4th Cir. 2001). Put another way, there is no constitutional violation and hence no liability unless the prisoner can show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 576 (quoting <u>Farmer</u>, 511 U.S. at 837). Finally, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." <u>Id.</u> at 575 (quoting <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999)).

The Constitution does not guarantee a prisoner the treatment of his choice. See Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) (internal citation omitted). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (internal citation omitted). "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011) (quoting Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977)). It is Plaintiff's burden to demonstrate that Defendants Newsome and Tucker were deliberately indifferent to his serious medical needs.

After considering the record before the Court, while Plaintiff was provided treatment at Marion Correctional, he argues that the treatment was not aggressive enough. Put another way, Plaintiff contends that when he did receive further treatment at Central Prison in November, 2014, his pain was alleviated. What Plaintiff has presented in his complaint and the attached documents is simply a disagreement over the course and pace of his medical care and while Plaintiff may have determined that he would have benefitted from different treatment from Defendants Newsome and Tucker, Plaintiff has failed to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment and that at best, he has presented a claim of medical malpractice or negligence.

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted against Defendants Newsome and Tucker and his motion for reconsideration will be denied. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 11).

**IT IS SO ORDERED.**

Signed: August 12, 2015

Frank D. Whitney
Chief United States District Judge